## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Steven Flake** <br> 27 N. Eden St. <br> Baltimore, Maryland 21231 | * <br><br> * | |
| **Plaintiff** | * | |
| v. | * | Case No. _____ |
| **The Water Street Tavern, Inc.** <br> 102 Water Street <br> Baltimore, Maryland 21202 | * <br><br> * | |
| **Vincent Arosemena** <br> 2104 Kentucky Avenue <br> Baltimore, Maryland 21218 | * <br><br> * | |
| **Patricia Arosemena** <br> 2104 Kentucky Avenue <br> Baltimore, Maryland 21218 | * <br><br> * | |
| **Defendants** | * / | |

## **COMPLAINT**

Plaintiff Steven Flake, by and through undersigned counsel, states a complaint against Defendants The Water Street Tavern, Inc., Vincent Arosemena, and Patricia Arosemena pursuant to the Fair Labor Standards Act, 26 U.S.C. § 201 *et seq*. ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., LE Art. § 3-401 *et seq*. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., LE Art., § 3-501 *et seq*. ("MWPCL"), and demands a jury trial, as follows:

### INTRODUCTION

1. This is an action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., LE Art. § 3-401 *et seq.*, and the MWPCL, Md. Code Ann., LE Art. § 3-501 *et seq.*

2. Plaintiff seeks in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWPCL.

## JURISDICTION AND VENUE

3. This Court has subject matter/original jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue and personal jurisdiction are proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events and omissions giving rise to the claims in this Complaint occurred in this judicial district.

## PARTIES

6. Defendant Water Street Tavern, Inc. is a corporation formed in the State of Maryland. Defendant Water Street Tavern, Inc. owns and operates the Water Street Tavern, a bar and restaurant serving the Baltimore, Maryland area, located at 102 Water Street Baltimore, Maryland 21202, and also operates the The Happy Grape, a liquor store serving the Baltimore, Maryland area, located at 29 Light Street, Baltimore, Maryland 21202.

7. At all times material herein, Defendant Water Street Tavern, Inc. had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendant Water Street Tavern, Inc. employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce

as a single enterprise under the FLSA.

9. For instance, there are employees of Defendant Water Street Tavern, Inc. who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

10. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries.

11. There are employees who regularly use wire and electronic means of communicating interstate who also regularly sell food and beverages that have moved in interstate commerce, and who regularly process credit card transactions for customer payments.

12. There are employees who use, in Defendants' restaurant and liquor store, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

13. Accordingly, subject matter jurisdiction exists because Plaintiff was employed by Defendant Water Street Tavern, Inc., a covered entity, satisfying the enterprise coverage provisions under the FLSA.

14. Defendants Vincent and Patricia Arosemena (collectively referred to herein as the "Arosemena Defendants") are the husband and wife owners of Water Street Tavern, Inc.

15. The Arosemena Defendants have complete operational control of Water Street Tavern and The Happy Grape. Upon information and belief, the Arosemena Defendants maintain custody and control of Water Street Tavern's and The Happy Grape's business records and are responsible for maintaining those records, such as payroll records.

16. Additionally, upon information and belief, for all times material to this case, the Arosemena Defendants were, and continue to be, aware of operational issues at the restaurant and liquor store and are knowledgeable of Water Street Tavern's and The Happy Grape's past and present employment practices and policies.

17. Upon information and belief, for all times material to this case, the Arosemena Defendants possessed and continue to possess the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to employees at Water Street Tavern and The Happy Grape, including Plaintiff, and possessed the ability to fire employees and have terminated employees.

18. Upon information and belief, the Arosemena Defendants received and continue to receive income from Defendant Water Street Tavern, Inc., and have been enriched by the failure of the Defendants to properly pay their workers.

19. At all times material herein, the Arosemena Defendants have been employers within the meaning of the FLSA, MWHL, and MWPCL.  The Arosemena Defendants are jointly and individually liable for damages to Plaintiff arising out of the FLSA, MWHL, and MWPCL.

20. Plaintiff may be legally employed in the United States.  As set forth below, Plaintiff seeks unpaid wages in the amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL and attorneys' fees and costs as provided under the FLSA, MWHL, and MWPCL.

21. Plaintiff was not exempt under the FLSA or MWHL's minimum wage and overtime requirements.

22. By failing to pay the statutory minimum wage and/or overtime that was due

to Plaintiff, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA.  Plaintiff further alleges that the Defendants violated the minimum wage provisions of the MWHL.  Additionally, by failing to pay overtime to Plaintiff, Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL.  In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL, and MWPCL.

## FACTUAL ALLEGATIONS

23. For all times pertinent to this lawsuit, Plaintiff worked as an hourly employee for the Defendants.

24. Plaintiff was employed by the Defendants from approximately March 2018 through July 2018.  While working for Defendants, Plaintiff was required to work at both Water Street Tavern and The Happy Grape.

25. For the entire time that Plaintiff worked for Defendants, he performed manual work and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL.

26. When Plaintiff worked at Water Street Tavern, he worked as a bartender and was primarily responsible for taking customers' orders, serving food and drinks, and clearing tables.

27. When Plaintiff worked at The Happy Grape, he worked as a cashier, and was responsible for ringing up customers' purchases, stocking the liquor store, and general

opening and closing duties.

28. Water Street Tavern was open 11:00 am to 2:00 am Monday through Saturday, and 8:00 am to 2:00 am on Sundays.

29. Water Street Tavern had an opening shift and a closing shift. Employees assigned to the opening shift on all days except Sundays were scheduled to begin their shifts at 10:30 am and end their shift at 7:00 pm. Employees assigned to the closing shift were scheduled to begin their shifts at 6:30 pm and end their shifts after closing the restaurant, which was normally around 2:30 am or 3:00 am.

30. The Happy Grape was open 12:00 pm to 10:00 pm Monday through Wednesday, and 12:00 pm to 12:00 am Thursday through Sunday.

31. Approximately once per week, Plaintiff was assigned to work at the Happy Grape from open to close, working from approximately 12:00 pm to 10:30 pm.

32. Plaintiff was also assigned to work at the Happy Grape on some weekends. On those days, Plaintiff's shifts at The Happy Grape were scheduled from 11:30 am until 7:00 pm.

33. The Plaintiff typically worked four to five shifts at Water Street Tavern a week.

34. Plaintiff's shifts were split between opening and closing shifts, but Plaintiff regularly worked closing shifts more often and Plaintiff worked a closing shift at Water Street Tavern on nearly every Saturday during his employment.

35. When Plaintiff worked opening shifts at Water Street Tavern, he normally worked approximately eight and a half hours from 10:30 am to 7:00 pm. When Plaintiff worked closing shifts, he normally worked approximately eight and a half to nine hours, from 6:30 pm to 2:30 or 3:00 am.

36. At the beginning of his employment, the Plaintiff typically worked one shift at The Happy Grape per week. Later in his employment, Plaintiff worked approximately three shifts per week at The Happy Grape.

37. Plaintiff was told that when he worked at The Happy Grape, he would receive an hourly rate of $14/hour.

38. Tipped employees at Water Street Tavern, including Plaintiff, were required to tip out a percentage of their tips to kitchen staff.

39. Plaintiff routinely worked more than forty hours in a statutory workweek.

40. In a regular week, Plaintiff would work four to five shifts at Water Street Tavern, with each shift being at least 8.5 hours long. Additionally, Plaintiff worked at least one open to close shift a week at the Happy Grape, which were approximately 10.5 hours long. Therefore, in a normal week, Plaintiff worked at least 44.5 hours and possibly more, depending on the week's schedule.

41. For example, for the work week beginning on April 30, 2018, Plaintiff was assigned to two morning shifts at Water Street Tavern, scheduled from 10:30 am to 7:00 pm, three closing shifts at Water Street Tavern, scheduled from 6:30 pm to close, and one shift at the Happy Grape scheduled from 11:30 am to 6:00 pm. According to this schedule, Plaintiff worked at least 49 hours that week.

42. However, throughout his employment with the Defendants, Plaintiff was never paid the overtime premium for hours he worked in excess of forty in a statutory workweek.

43. Plaintiff's paystubs only listed the total amount being paid to him and did not include his total number of hours worked or his hourly rate.

44. For example, for the period June 15, 2018 to June 28, 2018, the Plaintiff

received a check in the gross amount of $458 (pre-tax), without any hours reported. Given that Plaintiff worked at least 40 hours per week, this resulted in a wage payment less than the required Federal and State minimum wage.

45. Therefore, throughout Plaintiff's employment, not only did Defendants deny the Plaintiff overtime, but Defendants violated his rights to be paid the minimum wage.

46. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), Plaintiff did not at all times perform tipped work (i.e., work performed at the Happy Grape), and therefore, for all non-tipped work, Plaintiff was required to be paid at least the full minimum wage under the FLSA and MWHL, for all work performed at the Happy Grape.

47. Additionally, in order for Defendants to take a so-called "tip credit" for work performed at Water Street Tavern, and apply it toward the minimum wages owed Plaintiff, Defendants were required to inform the Plaintiff that they would take a tip credit and otherwise strictly comply with the regulatory requirements of 29 C.F.R. § 531.59(b).

48. However, Defendants violated the substantive provisions of 29 U.S.C. § 203(m) because they required Plaintiff, when he worked at Water Street Tavern, to pool tips with employees who do not customarily and regularly receive tips, i.e. kitchen staff.

49. Moreover, Defendants violated the notice provisions of 29 U.S.C. § 203(m) when they failed to adequately inform the Plaintiff that Defendants were taking a so-called "tip credit" against their minimum wage obligations, the amount of the tip credit, or that Plaintiff had the right to retain all tips except in a valid top pooling arrangement, or any of the other requirements set out by law. *See* 29 C.F.R. § 531.59(b). Defendants violated the MWHL and by extension, the MWPCL, by failing to inform Plaintiff of the provisions of

Md. Ann. Code LE Art. § 3-419, and its amended provisions, which among other things require that tipped employees must be informed of provisions of Md. Ann. Code LE Art. § 3-419 before Defendants could pay a wage of $3.63/hour.

50. Accordingly, Defendants owed the Plaintiff at least the full minimum wage under both the FLSA and MWHL, and in fact owed Plaintiff no less than promised $14.00/hour for work performed at the Happy Grape.

51. Finally, the Defendants failed to comply with the overtime provisions of the FLSA and MWHL because they failed to properly pay working time for hours in excess of forty in a workweek at a rate of no less than one and a half (1½) times the regular minimum wages, to Plaintiff.

## Causes of Action

### COUNT I
### (FLSA-Failure to Pay Minimum Wage)

52. Plaintiff incorporates paragraphs 1-51 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage) because Defendants have at all material times failed to pay Plaintiff the proper minimum wage rate, free and clear of deductions and in a timely manner for hours worked by Plaintiff.

53. Moreover, Defendants cannot take a tip credit against their minimum wage obligations because they (a) failed to inform Plaintiff about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (b) required Plaintiff to pay into an improper tip pool; and (c) otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

## COUNT II
### (FLSA-Failure to Properly Pay Overtime)

54. Plaintiff incorporates paragraphs 1-53 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendants have failed and otherwise refused to compensate Plaintiff at a proper overtime rate for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage as required by Federal law and applicable Federal regulations.

55. Defendants' failure to properly calculate overtime was not the result of mere negligence, but rather a deliberate effort to reduce wage costs.

## COUNT III
### (MWHL-Failure to Pay Minimum Wage)

56. Plaintiff incorporates paragraphs 1-55 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiff the proper minimum wage rate for all hours worked by Plaintiff.

57. Moreover, Defendants cannot take a tip credit against their minimum wage obligations because they (a) failed to inform Plaintiff about all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (b) required Plaintiff to pay into an improper tip pool; any and all of which constitute violations of Md. Ann. Code LE Art. § 3-419.

58. Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
## (MWHL-Failure to Pay Overtime)

59. Plaintiff incorporates paragraphs 1-58 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to compensate Plaintiff at a rate of not less than one and one-half (1 ½) times the minimum wage as computed under Md. Ann. Code LE Art. § 3-420 for all hours worked in excess of forty hours a work week.

60. As a result, Defendants owe Plaintiff overtime wages in at least the amount of one and one-half (1 ½) times the then-applicable minimum wage established by Md. Ann. Code LE Art. § 3-413 (minimum wage), for all work weeks he worked in excess of forty hours per week.

## COUNT V
## (MWPCL-Failure to Pay Earned Wages)

61. Plaintiff incorporates paragraphs 1-60 as set forth above, and states that Defendants' actions in refusing to pay wages free and clear in proper amounts is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

62. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wage and overtime compensation as applicable under the MWHL.

63. That, impliedly, by operation of law, Plaintiff is entitled to be paid statutory minimum wages and overtime by Defendants, which have not been paid during the course of Plaintiff's employment with the Defendants.

64. That, Plaintiff is entitled to be paid $14/hour for his work at the Happy Grape,

as promised to Plaintiff.

65.     That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid all lawful wages due arising from his employment.  Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiff performed work as an employee for which they were not properly compensated.

66.     Additionally, there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid his promised wage of $14/hour for his work at the Happy Grape.

67.     Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award or treble damages and attorneys' fees with respect to the wages, i.e., the MWHL-mandated wages that have gone unpaid.

## PRAYER

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorneys' fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiff all unpaid minimum wage and overtime premiums determined by the Court to be due and owing, under the FLSA as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff pursuant to the FLSA;

(b) Order Defendants to pay Plaintiff all unpaid wage payments, including minimum wage payments and overtime premiums determined by the Court to be due and owing, under the MWHL and MWPCL, as well as a sum of liquidated damages in

an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff;

(c) Order Defendants to pay the Plaintiff an amount equal to triple the amount of unpaid wages, including minimum wages and overtime premiums owed to Plaintiff under the MWHL, after an accounting has been performed, as Plaintiff is entitled to such damages under MWPCL, exclusive of minimum wage under the MWHL;

(d) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(e) Award Plaintiff interest on any sums determined due and owing from Defendant, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____/s/_____
Howard B. Hoffman, Esq. #25965
Scott E. Kraff, Esq. #20899
Jordan S. Liew, Esq. # 20509
HOFFMAN EMPLOYMENT LAW, LLC
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

## JURY DEMAND

The Plaintiff, by his attorney, hereby demands a jury trial as to all issues triable by a jury.

_____/s/_____
Howard B. Hoffman